### FOSTER v. UNITED STATES.
#### Civ. A. No. 4464.

United States District Court,
S. D. Texas, Houston Division.
June 3, 1949.

W. N. Foster, of Conroe, Tex., and Homer L. Bruce, of Houston, Tex., for plaintiff.

Theron Lamar Caudle, Assistant to Attorney General, Andrew D. Sharpe and Lester L. Gibson, Special Assistants to Attorney General, and Brian S. Odem, United States Attorney, and W. G. Winters, Jr., Assistant United States Attorney, of Houston, Tex., for defendant.

KENNERLY, Chief Judge.

This is a suit by plaintiff against defendant to recover income tax paid under protest by plaintiff for the years 1942, 1943, and 1944. Two questions are presented:

(a) Whether plaintiff, who with others on December 7, 1932, executed an oil and gas lease to the Sun Oil Company, retaining, in addition to the usual one-eighth royalty, a one-half working interest, shall be allowed depletion on the basis of *net* profits applicable to plaintiff's part of such one-half working interest, or on the basis of plaintiff's part of one-half of the *gross* income from oil, etc., produced by such operations.

(b) Whether plaintiff is entitled to deductions for depreciation on property used for producing, lifting, and treating oil, etc., under such lease.

(a) The facts have been stipulated as follows:

"It is hereby stipulated and agreed by and between the parties hereto, by their respective attorneys, that the following facts shall be taken as true for the purpose of this action, provided, however, that this stipulation shall be without prejudice to the right of either party to introduce other and further evidence not inconsistent with the facts herein stipulated to be taken as true; the right of either party is hereby reserved to object to the relevancy, competency or materiality of any or all facts so stipulated to be taken as true.

"1. On December 7, 1932, plaintiff and his wife owned, as community property, a two-thirds fee interest in the John Bricker Survey referred to in paragraph 3 of the complaint, and Keystone Mills Company owned the other one-third. Those parties as lessors, executed the contract of that date with Sun Oil Company, as lessee,

a copy of which is attached to the complaint as Exhibit A, which may be used instead of the original which need not be introduced in evidence. The matters in issue in this case arise out of the operation of said property and the production of oil and gas therefrom under said contract and the income derived from such oil and gas.

"By said contract the lessors reserved to themselves a royalty of one-eighth of the oil and gas but the income from that royalty is not involved in this case. They also reserved an interest in the oil accruing to the remaining ⅞ working interest subject, however to the adjustment for specified deductions including one-half of the operating cost and one-half of the production taxes.

"2. For each of said three years plaintiff and his wife computed their depletion deduction on account of said oil and gas at 27½% of the gross proceeds of their reserved interest in ⅞ of the oil and gas produced and sold. The defendant allowed them as depletion 27½% of the actual cash received from Sun Oil Company, which purchased all of said oil and gas, which was arrived at by deducting from the gross proceeds of their said reserved interest in ⅞ of said oil and gas, an amount equal to their proportion of the costs and expenses incurred by Sun Oil Company in producing, lifting and preparing for marketing all the oil and gas produced, including gross production and severance taxes on ⅞ of said oil and gas, said taxes on the other ⅛ being borne by the royalty owners. Upon either basis the 27½% was less than 50% of the net income of plaintiff and wife from said property, computed without allowance for depletion.

"3. For each of the years 1942 and 1943 plaintiff and his wife deducted $752.75 as depreciation upon the interest in the material upon said property used in connection with lifting or producing the oil and preparing it for market which had been paid for out of the proceeds of their interest in ⅞ of the production. If plaintiff and wife were entitled to any deduction for such depreciation, then $752.75 was a reasonable amount for each year.

"4. If plaintiff and wife were entitled to compute their depletion allowance in the manner as claimed by plaintiff and as set forth in paragraph 2 hereof and were entitled to the depreciation deduction as set forth in paragraph 3 hereof, then plaintiff is entitled to recover overpayments with interest at 6% per annum thereon from date of payment as follows: $3,332.84 and $703.16 with interest from October 10, 1947 for 1943; and $185.34 with interest from March 15, 1945, and $2,067.63 and $312.17 with interest from October 10, 1947, for 1944.

"If plaintiff and wife were entitled to the depletion allowance as claimed by them but not to the depreciation of $752.75, then plaintiff is entitled to recover on account of the year 1943 only $2,952.69 and $622.96 with interest thereon at 6% per annum from October 10, 1947."

(b) There is a further Stipulation as follows:

"In the above cause it is agreed by the parties as follows:

"Said cause was submitted to the Court on this day on the plaintiff's complaint, the defendant's answer and the stipulation of facts heretofore entered into by the parties and the offer in evidence by the defendant of photostatic copies of claims for refund filed by the plaintiff for the refund of taxes involved in the case. It is agreed that plaintiff thereupon objected to them on the ground that they were immaterial and irrelevant to any issue in this case and amounted to an unnecessary encumbrance of the record. It was agreed that the Court might take the plaintiff's objections under advisement along with the case. Said copies may be considered with the same effect as if they were the original claims."

1. I conclude that plaintiff should have been allowed depletion on the basis of plaintiff's part of one-half of the *gross* income from operations under such oil lease. See Commissioner of Internal Revenue v. J. S. Abercrombie Co., 5 Cir., 162 F.2d 338, and cases there cited and discussed.

2. I conclude that plaintiff should have been allowed depreciation as claimed by him, i. e., on certain property accumulated during operations under such lease.

3. Notwithstanding the Stipulations, I think plaintiff has no just cause of complaint because defendant was allowed to offer in evidence such photostatic copies of plaintiff's claims for refund.

4. Judgment for plaintiff in accordance with the first part of Paragraph 4 of the Stipulation.

Let appropriate decree be drawn and presented.