## HELVERING, Commissioner of Internal Revenue, v. ARMSTRONG.

### No. 7160.

Circuit Court of Appeals, Ninth Circuit.
March 5, 1934.

Sewall Key, S. Dee Hanson, and Norman D. Keller, Sp. Assts. to Atty. Gen., for petitioner.

Geo. E. H. Goodner, of Washington, D. C., for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

This is a petition to review the action of the Board of Tax Appeals in favor of the taxpayer. Its decision is reported in 25 B. T. A. 928. Since the determination of the matter by the Board of Tax Appeals, the same question involved here has been presented to the Circuit Court of Appeals of the Tenth Circuit in the case of Reynolds v. McMurray, 60 F.(2d) 843. The petitioner here is the William M. Armstrong mentioned in that opinion.

With reference to the income derived under the so-called section 34 agreement, the decision of the Circuit Court of Appeals of the Tenth Circuit is directly applicable to Armstrong who owned the other undivided one-half interest in the 40 per cent. of the lease retained by Armstrong and McMurray. Armstrong also had other oil leases obtained prior to December 7, 1917, without cost, in which he had assigned a 60 per cent. interest of the Ohio Oil Company under so-called blanket agreement in all material respects the same as the agreement relating to section 34 above referred to.

The question presented in Reynolds v. McMurray, supra, and presented here relates entirely to the question as to whether or not the taxpayer should be charged with income which he had not actually received but which has been retained by the Ohio Oil Company under the contract. We state the proposition in the language of the petitioner, as follows: "Simply stated, the only question presented here is whether that portion of the taxpayer's share of the gross receipts from the leases applied to reimburse the Oil Company for costs of development and operations, less proper deductions, is income to the taxpayer for the years involved, and, therefore, subject to the tax."

The respondent has filed no brief and did not appear at the time the case was argued. An application was made to the Supreme Court for writ of certiorari (287 U. S. 664, 53 S. Ct. 222, 77 L. Ed. 573) in the case of Reynolds v. McMurray, and the petition was denied. No reason is suggested why we should not follow the decision and opinion of the Circuit Court of Appeals of the Tenth Circuit, and we see none.

The decision of the Board of Tax Appeals is reversed, and the case remanded to that body for further proceedings not inconsistent with this decision.