**COMMISSIONER OF INTERNAL REVENUE v. J. S. ABERCROMBIE CO.**

No. 11895.

Circuit Court of Appeals, Fifth Circuit.

June 25, 1947.

Sewall Key, Acting Asst. Atty. Gen., Melva M. Grancy, Helen R. Carloss, and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bur. Int. Rev., and Bernard D. Daniels, Sp. Atty., Bur. Int. Rev., both of Washington, D. C., for petitioner.

Harry C. Weeks, of Fort Worth, Tex., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves income taxes for the calendar year 1941. The question is whether the assignees of an oil and gas lease—the assignors having retained a one-sixteenth working interest—are taxable for that portion of the gross income (less proper deductions) which is attributable to said interest notwithstanding, under the terms of the assignment, there were no net profits paid or payable to said assignors and the latter were not personally liable for any expenses.

The consideration for the assignment was $600,000 in cash, $2,500,000 payable only out of one-fourth of subsequent production free of all costs and expenses (neither of which items is in controversy here), and in addition a one-sixteenth "carried working interest." The assignees were put in control of the development and operation of the property, were to advance all funds necessary therefor, were authorized to sell the production accruing to said working interest or to purchase same themselves, and were to recoup their advances only from this source or from the sale of personal property; a one-sixteenth interest in the latter also having been reserved by the assignors.

The assignees were required to account to the assignors from time to time for one-sixteenth of the operating profits as defined by the agreement if, as, and when realized. Until July, 1942, there were no such profits. The Tax Court held that, under the contract, one-sixteenth of the gross proceeds from oil production belonged to the assignors, who were chargeable with the expenditures attributable to said interest.

Petitioner's contention, with reference to the amount in controversy, is that the assignors retained nothing more than a right to share in one-sixteenth of the net profits. He agrees with the Tax Court that the assignors possessed an economic interest in the property to the extent that they were entitled to share in the net operating profits. This is in concurrence with Kirby Petroleum Co. v. Commissioner, 326 U.S. 599, 66 S.Ct. 409, 90 L.Ed. 343, and Burton-Sutton Oil Co. v. Commissioner, 328 U.S. 25, 66 S.Ct. 861, 90 L.Ed. 1062, 162 A.L.R. 827; but he disagrees with the Tax Court as to the tax consequences of such interest. His position, in substance, is that when there were no net profits and when nothing was paid or payable to the assignors, as was true in the taxable year here involved, they received no gross income from the property, there was nothing to be depleted by them, and nothing that might be excluded or deducted from the income of the assignees.

It is true that language used by the parties in describing what was retained by them is not always conclusive as to the tax consequences of the transaction; but the Tax Court did not find any inconsistency in this case between what the parties did and the language used by them. It did not ignore, but gave full effect to, the statement in the agreement that the assignors did not agree to sell, but reserved and retained in themselves, "as a carried ownership and interest, an undivided one-sixteenth interest in all minerals." Moreover, it does not appear that the assignors, under their agreement with the assignees, were entitled to share operating net income as defined by federal law and regulations. On the contrary, they were entitled to share only in accumulated net operating profits as defined in the contract between the assignors and assignees.

■ Since net taxable income may differ from operating profits as defined by the parties (due to the fact that capital items not deductible for federal income tax purposes do not enter into the calculation of net taxable income), there is no necessary equivalence between net profits payable to the assignors and their taxable income from the leased premises. Hence it does not follow that, because the assignors received no net operating profit as defined by the agreement, they also received no net taxable income from the property. The distributable net operating profit from the reserved one-sixteenth working interest was wholly subject to the will of the parties; but the net taxable income from that interest was governed by federal statutes and regulations. The difference between the net profits receivable in cash and the net taxable income receivable by the carried interest arises by virtue of the fact that capital items, such as physical equipment, are not deductible for federal income tax purposes, while in the instant case the parties in their contract gave the operators the right to recoup outlays made by them for physical equipment.

■ In some instances the law may look through form to substance to get to the right of a controversy, but in ordinary cases tax consequences under federal law often depend upon property rights under local law, which in turn may be fixed by agreements between owners of the property. In the present case there is no reason to ignore, and the Tax Court declined to ignore, the provisions of the agreement reserving an undivided one-sixteenth working interest in all minerals, stating the relation of the parties as that of independent contractors, limiting the liability of the assignors for any operating loss, and otherwise defining the rights and duties of the contracting parties.

■■ The practical question in this case is whether the assignors or the assignees should have returned for the particular year the gross income from this one-sixteenth interest. Both sides rely upon the

Kirby and Burton-Sutton cases, supra; but we think our decision is controlled by the fundamental principle that income is taxable to the owner of the property producing the same, and that an assignment in anticipation of such income is ineffective to avoid taxation thereof to the real owner. The economic reality of the transaction was that the assigning co-owners mortgaged their interest to their operating co-owner; and by so doing they not only reaped the benefit of development but acquired an undivided one-sixteenth interest in valuable physical equipment placed on the property by the operators. The value of the leases was in the oil and gas that could be produced from the demised premises. The assignors desired to participate in the production to the extent of one-sixteenth; and arranged by contract for its exploitation, reserving to themselves a share in the net profits that was not disassociated from the retained economic interest but was derived from such interest and partook of the quality of rent.[1]

Therefore, it was not the duty of the assignees to return for taxes the gross income from the one-sixteenth interest reserved by the assignors. The decision of the Tax Court is affirmed.

SIBLEY, Circuit Judge.

I concur in the opinion. It seems to me that the gross income from oil attributable to the reserved one-sixteenth interest belongs each year to the assignors, subject to allowance for depletion. If, as has happened, the assignors' income is kept by the assignees to repay them for one-sixteenth of the development costs, it is because the contract authorizes the assignees to pay it to themselves instead of to the assignors, till their advances are repaid. It does not affect the ownership of the income any more that if it had been ordered to be paid over to some third person.

---

[1] Palmer v. Bender, 287 U.S. 551, 53 S. Ct. 225, 77 L.Ed. 489; Thomas v. Perkins, 301 U.S. 655, 57 S.Ct. 911, 81 L. Ed. 1324; Anderson v. Helvering, 310 U. S. 404, 60 S.Ct. 952, 84 L.Ed. 1277; Kirby Petroleum Co. v. Commissioner, 326 U.S. 599, 66 S.Ct. 409, 90 L.Ed. 343; Burton-Sutton Oil Co., Inc., v. Commissioner, 328 U.S. 25, 66 S.Ct. 861, 90 L. Ed. 1062, 162 A.L.R. 827; Reynolds v. McMurray, 10 Cir., 60 F.2d 843, certiorari denied 287 U.S. 664, 53 S.Ct. 222, 77 L.Ed. 573; Helvering v. Armstrong, 9 Cir., 69 F.2d 370. Cf. Crane v. Commissioner, 67 S.Ct. 1047, upon the respective contentions with reference to the assignors not being personally liable for any of the expenditures made on their behalf by the operators.