Joseph M. THOMAS and Jill G. Thomas, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 1999.

United States District Court S. D. California, N. D.

April 3, 1962.

Koster & Kohlmeier, Bayley Kohlmeier, San Francisco, Cal., for plaintiffs.

Francis C. Whelan, U. S. Atty., Robert H. Wyshak, Asst. U. S. Atty., Los Angeles, Cal., for the Government.

CROCKER, District Judge.

The above-entitled action came on for trial before the court, sitting without a jury, on December 13, 1961, the plaintiffs being represented by Bayley Kohlmeier, Esq., and the defendant being represented by Francis C. Whelan, United States Attorney, Robert H. Wyshak, Assistant United States Attorney, appearing. The attorneys filed a Stipulation of Facts and Amendment thereto, introduced as exhibits all of the leases and agreements, offered oral testimony, and stipulated that the Government's affirmative defense and the accounting for plaintiffs' failure to depreciate certain capital expenditures be reserved for hearing at a later date, and submitted on written briefs to the court the question of whether plaintiffs were entitled to their depletion allowance on their gross income or only on their net profits.

This is an action brought by Joseph M. and Jill G. Thomas for the recovery of income taxes paid to the United States Government in the years 1953 and 1954. The action was brought pursuant to the provisions of Title 28 U.S.C. § 1346(a).

The facts, briefly summarized, are as follows:

Through a series of assignments of interests in oil and gas leases and subleases and operating agreements held by Quality Oil Company (hereinafter referred to as "Quality"), Joseph M. Thomas, on October 25, 1949, acquired an undivided 10%

interest in the subleases held by Quality and an undivided ⅛ interest in the subleases held by Quality and Hancock Oil Company of California (hereinafter referred to as "Hancock").

During 1953 and 1954, the operating agreements originally made and entered into by Quality with Richfield and Hancock, as later amended, were in full force and effect and applied to the interest in said subleases acquired by Joseph M. Thomas. Under these operating agreements, the operators (Richfield and Hancock) were to develop, maintain books, charge the operator's and non-operator's (Thomas) accounts proportionately with all expenses and pay the non-operator his share of the net after all joint expenses had been paid. The operating agreements also stated that Thomas was not personally liable for operating expenses; that the operators pay all expenses and could look to Thomas for his share of the expenses only from the non-operator's share of the receipts, if any.

The proceeds from production prior to 1953 from both the Richfield and Hancock operations exceeded the costs of the development and operation expenses incurred prior to 1953. The plaintiffs, prior to this time, did not report as income gross receipts from these operations. Plaintiff makes his income tax returns jointly with his wife on a cash receipts and disbursements basis.

In 1953 and 1954 Joseph M. Thomas deducted from his income depletion allowance based on 27½% of the net amount he received from Richfield and Hancock on his 1953 and 1954 returns, pursuant to the provisions of sections 23(m) and 114(b) (3) of the Int.Rev. Code of 1939, 26 U.S.C.A. §§ 23(m), 114 (b) (3) (applicable to Thomas' 1953 income) and sections 611 and 613 of the Int.Rev.Code of 1954, 26 U.S.C.A. §§ 611, 613.

Thomas claims that he was entitled to deduct a depletion allowance of 27½% of his share of the gross proceeds taken by Richfield and Hancock during 1953 and 1954, and is therefore entitled to a recovery of $21,219.65 together with interest and costs of bringing suit.

If the payments that the operator (Richfield and Hancock) paid to the non-operator (Thomas) for the privilege of oil extraction are in the terms of net profit, the non-operator cannot take a depletion allowance based on a corresponding percentage of the gross income of the operator but must base his depletion allowance on net profits coming to him. Grandview Mines v. C. I. R., 282 F.2d 700 (9th Cir. 1960). But, where the non-operator has an undivided ownership interest in all the oil and gas extracted and his share is computed by subtracting royalties, capital expenditures and operation costs from gross income, it has been held that he is entitled to depletion based on the gross receipts of the operator, regardless of the fact that under the terms of the operating agreement the non-operator is not personally liable for his share of the costs unless gross receipts exceed the former. C. I. R. v. Abercrombie, 162 F.2d 338 (5th Cir. 1947); Prater v. C. I. R., 273 F.2d 124 (5th Cir. 1959).

The facts in the present case are more analogous to the Abercrombie and Prater cases than to the Grandview case; therefore it is held that Joseph Thomas was entitled to take a depletion allowance based on the gross income of the operators for 1953 and 1954.

An analysis of the assignments from Quality to Richfield and Hancock, which Thomas succeeded to show that Thomas had an ownership interest in the leases and an economic interest in the oil in place. The operating agreements refer to the properties as "joint lands" and specify expenditures as "joint expenses."

The other issues will be heard as soon as respective counsel can agree on a date.

Counsel for the plaintiffs is directed to prepare and lodge findings of fact, conclusions of law and form of judgment in accordance with Local Rule 7.

The clerk of this court is directed to forthwith serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.