ESTATE OF LESLIE O. KURTZHALZ, Deceased, WILLIAM E. KURTZHALZ and RUTH K. BUTLER, Co-administrators, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Kurtzhalz v. Commissioner
Docket No. 2899-73.
United States Tax Court
T.C. Memo 1975-62; 1975 Tax Ct. Memo LEXIS 309; 34 T.C.M. (CCH) 334; T.C.M. (RIA) 750062; March 18, 1975, Filed Robert L. Pinto, for the petitioners. Richard N. Weinstein, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioners' income taxes for the years 1968 through 1970 in the amounts of $4,160.12, $7,205.94, and $9,958.90, respectively, and additions to tax pursuant to section 6653(a) [1] for the same years in the respective amounts of $208.01, $360.30, and $497.95. The only question presented is whether decedent received unreported income during the years in issue from monies collected as sales taxes but not paid to the *310 Commonwealth of Pennsylvania. Most of the facts have been stipulated and are found accordingly. The stipulation of facts together with the attached exhibits is incorporated herein by this reference. Leslie O. Kurtzhalz (hereinafter referred to as "decedent") died on August 4, 1971. Petitioners herein are co-administrators of the estate. At the time the petition was filed, they resided in Pennsylvania. Decedent filed cash basis income tax returns for the years 1968, 1969, and 1970 with the district director of internal revenue at Philadelphia, Pennsylvania. During the years in issue, decedent was the sole proprietor of the Inglenauk Tea House (hereinafter the Tea House), a restaurant located in Swarthmore, Pennsylvania. During the years in issue, decedent had gross sales and collected sales taxes as follows: Taxes Year
Gross sales
collected
1968
$209,033.40
$12,542.00
1969
251,041.55
15,062.49
1970
289,323.30
17,359.40
Decedent was liable to collect and pay over to the Commonwealth of Pennsylvania a tax on sales in the amount of 6 percent *311 of gross sales. [2] She never applied for and never received a Pennsylvania sales tax account number. During the years in issue, she did not make any payments of the amounts collected as sales taxes and such amounts were not included in gross income on her returns. As far as the record shows, the tax collections were made and commingled with all her other receipts and used to the same extent as all other receipts. *312 William E. Kurtzhalz (hereinafter William), decedent's stepson, began working at the Tea House on November 1, 1967 and became its manager near the end of 1969. At that time, decedent was 88 years of age. In 1969, William became aware that the sales tax being collected was not being turned over to the Commonwealth of Pennsylvania. When William questioned the decedent about this, she answered that she did not have to pay it. Realizing the problems lying on the horizon, William then began accumulating funds in the business. In 1971 and 1972, much of the reserves that William had built up were put into accounts of the sole proprietorship separate from the regular business accounts, to be used to pay the sales tax liability when it came due. In 1972, the Commonwealth assessed unpaid sales taxes against the decedent for the period between June 1, 1963 and December 31, 1971. [3] Petitioners have admitted to the sales tax liability determined by the Commonwealth for the years 1963 through 1971. The liability has been assessed and a lien is outstanding against petitioners' assets. *313 Petitioners now claim that decedent's potential liability to pay the sales taxes justifies the exclusion of the amounts from her gross income. Since decedent was a cash-basis taxpayer and it is clear that she had command over the amounts collected, the claim must fail. In John B. Mathers,57 T.C. 666 (1972), we held that a cash-basis taxpayer realized taxable income to the extent that he did not remit to the taxing authorities state and local taxes collected during the taxable year. That decision is controlling herein. Petitioners seek to avoid the impact of Mathers by claiming that in that case the taxpayer did not recognize the liability for the funds held and admit the obligation to repay them. Assuming without deciding the converse to be true in the instant case, more would be required of decedent to escape liability; the obligation would at least have to be recognized in the same taxable year as it was received. Compare Blaine S. Fox,61 T.C. 704, 713-714 (1974), with Wilbur Buff, 58 T.C. 224 (1972), reversed 496 F. 2d 847 (C.A. 2, 1974). The fact that section 3403-535 of the Pennsylvania statute imposes *314 a trust on the funds collected does not alter our conclusion. In the instant case, decedent did nothing during the taxable years in issue which would justify our holding that a trust of the funds in question existed for tax purposes. Compare Charles Oran Mensik,37 T.C. 703, 752 (1962), affd. 328 F. 2d 147 (C.A. 7, 1964), with Angelus Funeral Homes,47 T.C. 391, 396 (1967), affd. 407 F. 2d 210 (C.A. 9, 1969), and cases cited therein. Compare also James v. United States,366 U.S. 213 (1961). Petitioners also cite section 1341 and Kappel v. United States,437 F. 2d 1222 (C.A. 3, 1971), as stating a theory which would allow them to claim a deduction from gross income for the sales taxes collected. Since they have not proved that any payments were made in the taxable years in issue, we find no basis for this argument, whatever its merits may be in another context. Finally, petitioners seek a haven under White Bros. Co. v. Commissioner,180 F. 2d 451 (C.A. 5, 1950), affirming a Memorandum Opinion of this Court. No such protection exists, however, for the only question *315 involved in that case was whether unremitted sales taxes were to be included in gross income in the year that they became uncollectible by the state and city. No question was raised as to whether the unremitted taxes might have constituted income at some earlier time. See John B. Mathers,supra,57 T.C. at 680, n. 4. The long and the short of it is that decedent both exerted command and had the actual benefit of the sales tax funds collected; hence, they should have been included in her gross income. At the trial, petitioners conceded the issue involving the section 6653(a) additions to tax. Additionally, we note that, in their petition, petitioners claimed that they were entitled to a refund of $1,240.96 for 1970 because certain allowable deductions were not taken. However, no evidence relevant to this issue was presented at the trial and it was not mentioned on brief; we therefore treat it as abandoned. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. Relevant portions of Pennsylvania law in effect during the years in issue provide: Section 3403-201. Imposition of tax (a) There is hereby imposed upon each separate sale at retail as defined herein within this Commonwealth a tax of six (6) per cent of the purchase price, which tax shall be collected by the vendor from the purchaser, and shall be paid over to the Commonwealth as herein provided. * * * * * Section 3403-535. Tax held in trust for the Commonwealth All taxes collected by any person from purchasers in accordance with this act and all taxes collected by any person from purchasers under color of this act, which have not been properly refunded by such person to the purchaser, shall constitute a trust fund for the Commonwealth, and such trust shall be enforceable against such person, his representatives and any person (other than a purchaser to whom a refund has been made properly) receiving any part of such fund without consideration, or knowing that the taxpayer is committing a breach of trust: Provided, however, That any person receiving payment of a lawful obligation of the taxpayer from such fund shall be presumed to have received the same in good faith and without any knowledge of the breach of trust. Any person, other than a taxpayer, against whom the department makes any claim under this section shall have the same right to petition and appeal as is given taxpayers by any provisions of this article. Section 3403-546. Collection of tax (a) Collection by Department. The department shall collect the tax in the manner provided by law for the collection of taxes imposed by the laws of this Commonwealth. (b) Collection by Persons Maintaining a Place of Business in the Commonwealth. (1) Every person maintaining a place of business in this Commonwealth and selling or leasing tangible personal property or services, the sale or use of which is subject to tax, shall collect the tax from the purchaser or lessee at the time of making the sale or lease, and shall remit the tax to the department. (2) Any person required under this act to collect a tax from another person, who shall fail to collect the proper amount of such tax, shall be liable for the full amount of the tax which he should have collected. * * * * *↩
3. There is a discrepancy between the total amounts of sales tax owing for the years in issue determined by the Pennsylvania Sales Tax Bureau and by respondent. Presumably this discrepancy is accounted for by the time differential between the time when the sales taxes were collected and the time when they were required to be submitted to the Commonwealth. Since decedent was not required to include the sales taxes in income at the time collected nor entitled to deduct them (see John B. Mathers,57 T.C. 666, 678 (1972); Rev. Rul. 61-24, 1961-1 C.B. 37↩), decedent would not realize income until the due date. In any event, the parties agree that the amounts in question should be those determined by respondent.