ROBERT V. BOBACK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boback v. Commissioner
Docket No. 20668-81.
United States Tax Court
T.C. Memo 1983-198; 1983 Tax Ct. Memo LEXIS 592; 45 T.C.M. (CCH) 1278; T.C.M. (RIA) 83198; April 11, 1983. *592 Held: Deduction for automobile travel on job hunting trips disallowed for failure to substantiate under I.R.C. sec. 274(d). Held further: Amounts deductible for tools and work clothing determined. Robert V. Boback, pro se. Dennis R. Onnen, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency of $111 in petitioner's Federal income tax for 1978. The issues for decision *593 are: (1) Whether petitioner incurred deductible travel expenses in excess of those allowed by respondent; (2) whether petitioner is entitled to deductions claimed for tools, safety shoes and protective gear; and (3) whether petitioner failed to report as income amounts received as reimbursement for subsistence expenses. Although the petition listed petitioner's address as Freeport, Texas, he stated at trial that his correct place of residence is Cheyenne, Wyoming, and we so find. Travel Expense Deduction
Petitioner is an electrician and normally obtains employment through union hiring halls. During 1978, he resided in Henderson, Kentucky. The three temporary jobs he held that year were in cities hundreds of miles away from his home. From mid-February to June, petitioner was unemployed but looking for work. With respect to each of the three temporary jobs, petitioner claimed deductions for travel and meals and lodging while away from home. On audit, Respondent disallowed the deduction for 11,650 of the 17,000 miles of automobile mileage claimed by petitioner with respect to the job he held from mid-June through November 1978. Petitioner states that the disallowed *594 business mileage was incorrectly recorded on his return and was therefore misunderstood by respondent. According to petitioner, this mileage related not to any job he held but to several job hunting trips to Texas, Florida and Michigan during his period of unemployment. Petitioner did not claim on his return any deduction for meals and lodging during the job hunting trips, and he has not advanced any claim that we should now allow such deductions, so the only contested job search expenditure is the disallowed mileage. Respondent argues that even if the mileage related to actual job hunting trips, the deduction is barred by section 274(d). [1]
Section 162(a) allows a deduction for ordinary and necessary business expenses. Such deductible expenses include those incurred in searching for new employment in the same trade or business, regardless of whether the job search is successful. Cremona v. Commissioner,58 T.C. 219 (1972); see Rev. Rul. 75-120, 1975-1 C.B. 55, clarified by Rev. Rul. 77-16, 1977-1 C.B. 37. The deduction *595 of traveling expenses under section 162(a) is subject, however, to section 274(d), which provides that no deduction for such expenses shall be allowed-- unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * * (C) the business purpose of the expense or other item, * * * Ordinarily, the substantiation requirements of section 274(d) are met by the taxpayer's introduction of records establishing each of the following elements of the travel expenses: amount, time, place and business purpose. Sections 1.274-5(b)(2) and 1.274-5(c)(2), Income Tax Regs. In the absence of adequate records, the taxpayer may substantiate travel expenses by establishing each element by his own statement plus other corroborative evidence. Section 1.274-5(c)(3), Income Tax Regs. Here, the only evidence of the job hunting trips is petitioner's imprecise testimony, which did not address for each of the trips all the required elements of amount, time, place and purpose. Petitioner presented no documentary evidence or testimony of other individuals to corroborate his *596 own statements. On these facts, there can be no question that petitioner has not substantiated the claimed automobile mileage expense under either section 1.274-5(c)(2) or section 1.274-5(c)(3), Income Tax Regs. We note that section 274 was designed specifically to insure that no deduction would be allowed on the basis of the taxpayer's "own unsupported, self-serving testimony," which is all we have here. H. Rept. 1447, 87th Cong., 2d Sess., 1962-3 C.B. 405, 427; S. Rept. 1881, 87th Cong., 2d Sess., 1962-3 C.B. 707, 741. The only other potential method for substantiation here is that provided by section 1.274-5(c)(5), Income Tax Regs., which allows the taxpayer to substantiate deductions by reasonable reconstruction of expenditures when records have been lost through circumstances beyond the taxpayer's control. Petitioner stated that he had receipts for meals and lodging during the job hunting trips, but he claimed the receipts were lost in the mail after being mailed by his tax return preparer to the office of respondent conducting the audit. However, petitioner was unable to obtain from the return preparer any proof that such receipts were mailed to *597 respondent or even that they ever existed. Since no deduction for meals and lodging on job hunting trips appears to have been claimed on petitioner's return and since the disputed mileage was recorded as related to a particular job rather than to any job hunting trips, we question whether such receipts were before the return preparer when the return was prepared. We need not decide, however, whether petitioner had some receipts relating to job hunting trips which were lost, for even if it appeared that petitioner could establish this point, he would still not meet the requirements of section 1.274-5(c)(5), Income Tax Regs. To be able to use this alternative substantiation method, the taxpayer must show not only that he had records that were lost through circumstances beyond his control but also that with the lost records he could have established each of the elements of amount, time, place and purpose. We believe petitioner's vague reference that he had some receipts from the trips is not sufficient, particularly in view of the fact that the tax return preparer inexplicably never included on his return any expenses from the trips, other than mileage, which was incorrectly recorded *598 as relating to actual employment. Moreover, even if petitioner had met the threshold test of establishing that the lost records would have provided adequate substantiation, his vague testimony about the trips, with no references to specific dates and the length of the trips, was so imprecise as not to constitute reasonable reconstruction. See Gizzi v. Commissioner,65 T.C. 342 (1975). Even though it is quite probable that petitioner did incur some legitimate job search expenses, including business mileage, we must find for respondent on this issue because of petitioner's failure to satisfy the section 274(d) substantiation requirement. Satisfaction of this statutory substantiation requirement is mandatory, and the Court cannot allow a deduction based on the principle set forth in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Stemkowski v. Commissioner,76 T.C. 252, 310 (1981), affd. on this issue 690 F.2d 40 (2d Cir. 1982). Deductions for Tools and Work Clothing
Petitioner claimed deductions of $150 for tools, $300 for protective gear and $115 for safety shoes. Because of lack of substantiation, respondent *599 disallowed these deductions. The strict substantiation requirements of section 274(d) do not apply to these types of business expenses, but petitioner must still establish to the Court's satisfaction that the claimed expenses were ordinary and necessary business expenses and that they were actually incurred. Petitioner introduced no documentary evidence to support these deductions. He claims he had receipts but they were also lost in the mail when his return preparer sent them to respondent. Since the tax return listed specific amounts for each of these deductions, it is quite possible that the return preparer was provided with supporting receipts. We must now decide whether petitioner is entitled to these deductions on the basis of his testimony at trial. Petitioner testified credibly that he was required because of his work outdoors in early 1978 to purchase "bunny boots," which are the safety shoes for which a $115 deduction was claimed, and protective coveralls. These do not appear to be the type of clothing that would be adaptable for use in a non-work setting, [2] so we allow the deduction of the purchase price of these items. On the basis of petitioner's testimony, *600 we find the cost of the bunny boots was $115 and the protective coveralls was $60, which represents a reasonable extrapolation back to 1978 from the current price of $78. Petitioner could not recall any other particular items of protective gear that he purchased in 1978. Because petitioner bears the burden of proof under Rule 142(a), Tax Court Rules of Practice and Procedure, we cannot allow any of the additional amount claimed as a deduction for protective gear. Petitioner's recollection of the tools he purchased in 1978 was also not very precise. His testimony focused on the fact that as an electrician who obtained jobs through union hiring halls, he generally had to supply his own tools.He did not testify as to particular tools purchased in 1978 but did estimate that he spent $100 in the typical year to purchase new tools to replace tools such as wrenches, screwdrivers, hammers and voltage testers, that were broken, lost or stolen. Since it is obvious that petitioner needed to purchase tools for use in his job, but weighing petitioner's inexactitude *601 against him, we find that petitioner spent $50 for the purchase of work tools in 1978. Cohan v. Commissioner,supra.
Additional Income
Respondent determined that petitioner failed to report as income $242 he received as reimbursement for subsistence expenses. Respondent introduced a copy of a statement which one of petitioner's employers had sent to him. The statement advised petitioner that the company had paid him subsistence of $242 for the year 1978 and that such amount had not been included in the wages reported on petitioner's Form W-2. Although petitioner refused to concede this issue, he stated that he could not recall whether he had received the $242 but that his mother had told him she had received a check from the company and had deposited it in his account. In light of this testimony, as well as the burden of proof on petitioner, we find that petitioner received $242, which he failed to report on his 1978 return. It appears that the expenses to which this subsistence related were deducted by petitioner on his return as meals and lodging expenses, so petitioner cannot claim he should get an offsetting deduction if he is required to take *602 the $242 into income. Decision will be entered unde Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Cf. Donnelly v. Commissioner,28 T.C. 1278 (1957), affd. 262 F.2d 411↩ (2d Cir. 1959).