ROBERT J. AND MARY J. CHARLTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Charlton v. Commissioner
Docket No. 10380-87.
United States Tax Court
T.C. Memo 1988-515; 1988 Tax Ct. Memo LEXIS 543; 56 T.C.M. (CCH) 573; T.C.M. (RIA) 88515; November 3, 1988. Robert J. Charlton, pro se. Ruth M. Williams, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: In a notice of deficiency dated March 12, 1987, respondent determined a deficiency of $ 964 in petitioners' Federal income tax for 1983. The sole issue for decision is whether petitioners are entitled to a deduction for job seeking expenses under section 162(a), [1] in the amount of $ 3,647. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of *544 facts and attached exhibits are incorporated herein by this reference. Robert J. Charlton (hereinafter "petitioner") and Mary J. Charlton, husband and wife, resided in Warrington, Pennsylvania, when they filed their petition in this case. Petitioner was in the trade of being a plumber. He was an active member of Plumbers Union Local 690 during the year in issue. In January 1983, following a period of unemployment, petitioner reluctantly accepted a position with the Bechtel Power Corporation (Bechtel) as a pipefitter at the Limerick Nuclear Power Plant construction site (Limerick) in Limerick, Pennsylvania. This job offer was communicated to petitioner through Plumbers Union Local 690. Petitioner was employed continuously at Limerick from January 3, 1983, until January 11, 1984. During the course of his employment at Limerick, petitioner continued to look for employment as a plumber. Petitioner felt that his pipefitting skills were not very good and was concerned about the possibility of losing his job to a more experienced pipefitter. Petitioner also worried about the problems associated with working in a job covered by a different trade union. While employed at Limerick *545 petitioner was working out of Pipefitter Union Local 420, rather than his own Local, and was concerned that this working arrangement offered very little job security. Petitioner also worried that the Limerick construction site would be shut down due to growing public sentiment in Pennsylvania against the use of nuclear power. For these reasons, petitioner sought a more secure position as a plumber. Petitioner drove his automobile to the job site at Limerick. Limerick is 35 miles from petitioner's home in Warrington. Each workday, following the end of his shift at Limerick, petitioner drove to Plumbers Union Local 690 in Philadelphia. Petitioner made this trip to Local 690 in order to seek employment as a plumber. Local 690 is a 55 mile drive from Limerick. After spending time at the union hall, petitioner would return to his residence in Warrington, driving an additional 20 miles. During the year in issue, petitioner was unable to secure employment as a plumber. On his 1983 return, Schedule A, petitioner claimed a miscellaneous deduction for travel expenses in the amount of $ 3,647. [2] In the top margin of the filed Schedule A, petitioner indicated that the $ 3,647 deduction *546 represented mileage from his home to the union hall and provides two calculations showing a total claim for 20,200 miles. In his statutory notice, respondent disallowed this deduction in it entirety. OPINION Section 162(a) allows a deduction for ordinary and necessary business expenses. Such deductible expenses include those incurred in searching for new employment in the employee's same trade or business. Cremona v. Commissioner,58 T.C. 219 (1972); Primuth v. Commissioner,54 T.C. 374 (1970); see also Rev. Rul. 75-120, 1975-1 C.B. 55, clarified by Rev. Rul. 77-16, 1977-1 C.B. 37. A taxpayer may be engaged in several trades or businesses at the same time. Philbin v. Commissioner,26 T.C. 1159, 1165-1166 (1956); see also Rev. Rul. 78-93, 1978-1 C.B. 38, 39; Rev. Rul. 55-109, 1955-1 C.B. 261, 263. *547 If the employee is seeking a job in a new trade or business, however, the expenses are not deductible under section 162(a). Dean v. Commissioer,56 T.C. 895 (1971). Respondent's first contention is that petitioner is not entitled to the claimed deduction because the job seeking expenses were incurred while petitioner looked for work in a new trade or business. We disagree. The fact that petitioner temporarily took employment as a pipefitter when he could not find work as a plumber does not constitute abandonment of the plumbing trade. Petitioner did not consider himself a good pipefitter, considered the pipefitting job to be temporary, and sought work as a plumber throughout the year. In any event, we think that respondent has conceded this issue by stipulating as follows: "Petitioner by trade was a plumber" and "Petitioner Robert Charlton worked as a plumber by trade." The stipulation does not qualify these statements in any way. We find, therefore, that petitioner was in the trade or business of being a plumber. Respondent also contends that petitioner has failed to establish that the claimed job seeking expense was an ordinary and necessary business expense. *548 Respondent seems to base this on the fact that the claimed expense was not incurred by petitioner on behalf of his employer Bechtel. The test, however, is whether or not the expense would be ordinary and necessary for a taxpayer seeking employment in that same trade or business. Primuth v. Commissioner, supra, at 379. If job seeking expenses needed to be related to a taxpayer's present employer, it would seem that such expenses would almost never qualify. We find that the transportation costs incurred by petitioner are ordinary and necessary job seeking expenses. Respondent also contends that petitioner has failed to substantiate his claimed expense. Petitioner testified that the claimed expense represents the expenses he incurred while traveling between Limerick and Plumbers Union Local 690 in search of employment. Petitioner testified that the total mileage traveled was actually 11,000 miles instead of the 20,200 claimed in his return. (This indicates that petitioner made the 55 mile trip 200 times during 1983.) According to petitioner, the addition 9,200 miles claimed on his return represent amounts expended for meals while traveling between Limerick and *549 the union hall. Petitioner bears the burden of substantiating his claimed deduction. Rule 142(a). Petitioner submitted in evidence 263 Pennsylvania Turnpike Fare Receipts to support his claimed deduction. The receipts are undated paper chits. Each receipt contains either 20 or 24 squares listing the possible toll charges that can be collected on the Turnpike. It appears that the toll collector merely circles the amount paid on the receipt and hands it to the motorist. Petitioner's receipts were marked in various denominations ranging from $ .35 to $ 1.10. Seventy-one of the receipts are unmarked, 160 indicate that a toll of sixty cents was tendered, and the remaining receipts report a variety of amounts. Based on this evidence and our observations of petitioner at trial, we find that petitioner drove the 55 miles between Limerick and Plumbers Union Local 690, a total of 200 times in 1983 to look for work as a plumber. We do not know the extent to which petitioner drove on the same roads that would have also taken him home. Petitioner's trips to Local 690 added an additional 40 miles to his regular roundtrip commute between his home and Limerick. We therefore determine *550 that petitioner drove 8,000 miles to seek employment. Since petitioner introduced no evidence of actual costs, mileage costs for this local transportation are determined to be 20.5 cents per mile in accordance with Rev. Proc. 83-74, 1983-2 C.B. 593. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although neither party raised this point at trial or on brief, transportation expenses incurred in seeking employment in the same trade or business are not itemized. Instead, this expense is deducted from the employee's gross income. Sec. 62(2); see also Rev. Rul. 77-16, 1977-1 C.B. 37↩.