DONALD E. DRAKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Drake v. Commissioner
Docket No. 22504-88
United States Tax Court
T.C. Memo 1990-176; 1990 Tax Ct. Memo LEXIS 189; 59 T.C.M. (CCH) 312; T.C.M. (RIA) 90176; April 4, 1990
Donald E. Drake, pro se. Louis H. Hill, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge *190 : In a notice of deficiency dated June 17, 1988, respondent determined a deficiency of $ 757 in petitioner's Federal income tax for 1984. Following concessions, [1] the issues for decision are: (1) Whether petitioner is entitled to a deduction of $ 2,742 for job hunting expenses; and (2) whether petitioner is entitled to dependency exemptions for two of his children. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Kettering, Ohio, when he filed the petition in this case. Petitioner filed his 1984 Federal income tax return with the Internal Revenue Service Center, Cincinnati, Ohio. Petitioner resided in Columbus, Ohio until September 4, 1984. At that time, he moved to Dayton, Ohio where he resided for the remainder of the year. During the year in issue, petitioner was employed by four different employers. He worked as a substitute school teacher and *191 he also performed teaching-related services for other businesses. During the year in issue, petitioner was a member of an organization known as Forty Plus. The members of Forty Plus use the organization's facilities to look for employment opportunities. As a member of Forty Plus, petitioner had access to an office, a copy machine, recording devices, and a computer. Petitioner used these devices to prepare letters and resumes and to prepare for interviews. Petitioner also picked up mail and phone messages at the organization's office in Columbus, Ohio. Petitioner's residence in Columbus, Ohio was approximately 15 miles from the offices of Forty Plus. Petitioner's residence in Dayton, Ohio was approximately 85 miles from the offices of Forty Plus. Petitioner spent anywhere from 30 minutes to 10 hours at Forty Plus each time he visited the office. Petitioner commuted to Forty Plus almost on a daily basis during the year in issue. Occasionally, petitioner would drive to his place of employment, go to Forty Plus, and then return home. Petitioner claimed $ 2,742 in employee business expenses on a Form 2106 attached to his 1984 tax return. Of this amount, $ 525 was claimed *192 as meal expenses and $ 2,217 was claimed for mileage expenses. Petitioner is divorced and his former wife has custody of their children. Under the terms of the separation agreement, petitioner agreed to pay child support and he was entitled to reasonable visitation rights. During the year in issue, petitioner's former wife and children lived in Canton, Ohio. Petitioner claimed dependency exemptions for two of his children, Chris and Anne. During the year in issue, petitioner paid $ 200 in child support to his former wife. OPINION The first issue for decision is whether petitioner is entitled to a deduction of $ 2,742 for job hunting expenses. Petitioner contends that he regularly drove to the Forty Plus organization to search for employment. Petitioner argues, therefore, that the travel and meal expenses he incurred while looking for work are fully deductible. Section 162(a) [2] allows a deduction for ordinary and necessary business expenses. Such deductible expenses include those incurred in searching for new employment in the employee's same trade or business. Cremona v. Commissioner, 58 T.C. 219 (1972); Primuth v. Commissioner, 54 T.C. 374 (1970); *193 see also Rev. Rul. 75-120, 1975-1 C.B. 55, clarified by Rev. Rul. 77-16, 1977-1 C.B. 37. If the employee is seeking a job in a new trade or business, however, the expenses are not deductible under section 162(a). Dean v. Commissioner, 56 T.C. 895 (1971). Petitioner bears the burden of substantiating his claimed deduction. Rule 142(a). Petitioner submitted in evidence a travel log to support his claimed deduction. The travel log contains entries which briefly describe where petitioner drove to and from on any particular day, the starting and ending mileage, where he stopped to eat, and the cost of the meal. Entries also appear for stationery, phone calls, dues, taxis, bus fare, parking, stamps, training, computer supplies, and newspapers. Based on the evidence presented, petitioner has failed to establish that he is entitled to deduct any of the amounts purportedly expended in search of employment. Many of the items *194 listed in the travel log such as meals and local transportation to and from work are personal, nondeductible expenses. Sec. 262. It also strains credulity to believe that petitioner drove to Forty Plus on a daily basis, including 170 mile-round trips after September 4, 1984, for the primary purpose of seeking employment. We do not believe that he would do this to prepare resumes and place telephone calls to prospective employers. Indeed, petitioner admitted that a substantial amount of the time he spent at Forty Plus was devoted to purposes other than his own job-seeking endeavors. Based on the record, petitioner has failed to establish that he is entitled to deduct any of the claimed job seeking expenses. The second issue for decision is whether petitioner is entitled to dependency exemptions for two of his children. Generally, for tax years ending before 1985, noncustodial parents are entitled to claim dependency exemptions for their children if they provide at least $ 600 per year towards the child's support and the divorce decree, separate maintenance agreement, or other written agreement provides that the noncustodial parent is entitled to the exemption. Secs. 151 and *195 152(e). To rightfully claim the deduction in this case, petitioner must demonstrate that he actually provided at least $ 600 toward the support of each of his children. Tweeddale v. Commissioner, 92 T.C. 501, 504 (1989). Petitioner has failed to meet his burden of proof. Petitioner testified at trial that he drove 14,400 miles in order to visit his children. He argues that these automobile expenses must be considered when determining how much he paid in child support during the year in issue. A taxpayer's own automobile expenses incurred in conveying children from a custodial parent's home for visits represent personal expenses. Petitioner's visitation expenses were incurred for his personal benefit rather than for support of his children. Vance v. Commissioner, 36 T.C. 547, 550 (1961); McKay v. Commissioner, 34 T.C. 1080, 1083 (1960). In addition, we find petitioner's evidence regarding the frequency of the visitation trips and the mileage involved to be vague. Petitioner failed to establish that he paid at least $ 600 in child support for each of his children during the year in issue. He is not entitled to the claimed dependency *196 exemptions. Decision will be entered for the respondent. Footnotes
1. Petitioner concedes that he failed to include $ 36 in interest income and $ 220 in income from the State Teachers Retirement System of Ohio on his 1984 Federal income tax return.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩