T.C. Summary Opinion 2005-181


UNITED STATES TAX COURT


RUSELL B. RITCHIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11722-04S.                 Filed December 8, 2005.


Rusell B. Ritchie, pro se.

<u>Hans F. Famularo</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $1,635 for 2002. The issue for decision is whether petitioner is entitled to claim itemized deductions in excess of those allowed by respondent.

The exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Simi Valley, California.

## Background

The parties could not reach agreement on a stipulation of facts. There are, however, some documents upon which the parties were in mutual agreement. The record, nevertheless, remains sparse.

As best as the Court can discern, petitioner was employed as "Property Manager" for National Stores, Inc. in Gardena, California, apparently doing business as "Clothestime" (Stores). Stores was by its own description "a regional leader in quality off-price retail apparel." Petitioner's duties as Stores' property manager included responsibility for: (a) Locating new real estate opportunities; (b) reviewing active leases; (c) sustaining relationships with tenants, including collecting rents; and (d) preserving relationships with vendors responsible for maintaining the properties.

During 2002, Stores, facing the threat of bankruptcy, instituted a policy under which it would not reimburse

unscheduled business mileage.  Stores reimbursed petitioner for certain expenses during the year 2002.  Petitioner left the company in November of 2002.

Petitioner had a personal cell phone during 2002 that he also used for business calls.  Petitioner paid a flat rate, no matter how many phone calls were made on the phone.

On petitioner's Schedule A, Itemized Deductions, attached to his Federal income tax return for 2002, petitioner deducted unreimbursed employee business expenses of $13,980, tax preparation fees of $550, and charitable contributions of $1,755, of which $1,260 was listed as being made by cash or check. Respondent disallowed all of the deductions for lack of substantiation.

The unreimbursed business expenses deducted by petitioner included a "Uniforms" expense deduction of $850.  As petitioner presented no argument or evidence on the issues of uniform expenses and tax preparation fees, he is deemed to have conceded them.  See Rule 34(b)(4); Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988).

### Discussion

Petitioner has made no argument that the burden of proof shifting provisions of section 7491(a)(1) apply to this case, nor has he offered any evidence that he has complied with the requirements of section 7491(a)(2).  The burden of proof in this

case does not shift to respondent.

Employee Business Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. An employee's trade or business is earning his compensation, and generally only the expenses that are related to the continuation of his employment are deductible. Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60.

Petitioner must show that the business expenses he claimed were incurred primarily for business rather than for personal reasons. See Rule 142(a). To show that an expense was not personal, petitioner must prove that the expense was incurred primarily to benefit his business, the continuation of his employment, and that there was a proximate relationship between the claimed expense and his business. Walliser v. Commissioner, 72 T.C. 433, 437 (1979).

Where a taxpayer has established that he incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not always be fatal. Generally, unless prevented by section 274, the Court may estimate the amount of such an expense and allow the deduction to that extent. See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958),

affg. 27 T.C. 413 (1956); <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, however, the Court must have some basis upon which an estimate may be made. See <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. See <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

Certain business deductions described in section 274 are subject to strict rules of substantiation that supersede the doctrine in <u>Cohan v. Commissioner</u>, <u>supra</u>. See sec. 1.274-5T(c), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Section 274(d) provides that no deduction shall be allowed with respect to: (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates certain elements. "Listed property" includes any passenger automobile, sec. 280F(d)(4)(A)(i), and any cellular telephone, sec. 280F(d)(4)(A)(v).

To meet the requirements of section 274(d) the taxpayer must present adequate records or sufficient evidence to corroborate the taxpayer's own testimony to establish: (1) The amount of the expenditure or use based on the appropriate measure (mileage may

be used in the case of automobiles), (2) the time and place of the expenditure or use, (3) the business purpose of the expenditure or use, and (4) the business relationship to the taxpayer of each expenditure or use.

Automobile Expenses

When an employee has a right to receive reimbursement for expenditures related to his status as an employee but fails to claim such reimbursement, the expenses are not deductible because they are not "necessary" within the meaning of section 162(a). Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 7 (1982); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972). Business expenses of the employer cannot be converted into the employee's expenses by the mere failure of an employee to seek reimbursement. Kennelly v. Commissioner, supra; Stolk v. Commissioner, 40 T.C. 345, 356 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964). The employee has the burden of establishing that the employer would not reimburse the expense had the employee requested reimbursement. Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

Petitioner's claim for unreimbursed employee business expenses included $9,655 of vehicle expenses. Petitioner testified that he responded to certain unscheduled "emergency"

situations requiring transportation expenses for which Stores would not have reimbursed him.  He alleged that his transportation expense deduction was related to the unscheduled "emergency" trips.

Petitioner's evidence on the issue consisted of Stores' check stubs showing reimbursements to him of $1,550, presumably for scheduled trips, and a computer-generated monthly log titled "Mileage - Tax Year 2002", purporting to show cumulative monthly mileage to "county locations" in 2002.  It is interesting to note that the same three counties, Orange, "LA", and San Diego, as well as "miscellaneous mileage" are listed every month.  The total mileage traveled each month is also fairly consistent.  According to petitioner's evidence, his "emergency" unscheduled transportation expenses were a startling 623 percent of his reimbursed expenses for scheduled trips.

Further complicating matters for petitioner, the Court is unable to determine from his evidence which of his trips were reimbursed and which were not because his evidence does not meet the standard of section 274(d).  Respondent's determination on this issue is sustained.

Other Expenses

Petitioner claimed $1,245 of "other" business expenses.  The Court presumes that the Verizon Wireless cell phone bills and miscellaneous receipts offered by petitioner were submitted as

substantiation for the deduction of "other" business expenses.

Petitioner's cell phone was a personal phone that he also used for business calls. Petitioner testified that he paid a flat rate, regardless of phone usage. Therefore, aside from the personal expense of the phone, which is rendered nondeductible under section 262, he incurred no additional charge for business use. To the extent he did incur an additional charge for business use, petitioner's evidence fails to meet the substantiation requirements of section 274(d).

Petitioner did not show the relationship between the miscellaneous receipts, some of which are unreadable, and the continuation of his employment. The Court therefore finds that all of petitioner's "other expenses" are nondeductible personal expenses.

Job-Seeking Expenses

Petitioner deducted job seeking expenses of $2,230. Deductible job-seeking expenses include those incurred while searching for different employment in the employee's same trade or business. Glenn v. Commissioner, 62 T.C. 270 (1974); Cremona v. Commissioner, 58 T.C. 219 (1972); see also Rev. Rul. 75-120, 1975-1 C.B. 55, clarified by Rev. Rul. 77-16, 1977-1 C.B. 37. If the employee is seeking a job in a new trade or business, however, the expenses are not deductible under section 162(a). Dean v. Commissioner, 56 T.C. 895 (1971).

Petitioner offered no evidence bearing on whether the new employment he sought was in the same trade or business as his employment at Stores. Petitioner, in fact, offered no evidence at all on the nature of the new employment he sought. The evidence he did offer consisted of 2002 hotel receipts from the Phoenix Hotel in Phoenix, Arizona, a hotel in Redding, California, and the Hotel Del Coronado. Petitioner offered no specific testimony or corroborating documentary evidence linking the receipts with job-seeking activity. The printed information at the top of the receipt from the Hotel Del Coronado states that the room was for petitioner in connection with the "Hudson/Kline Wedding"; his arrival was on New Year's Eve, and his departure was on New Year's Day.

The Court finds that petitioner is not entitled to any deduction for job-seeking expenses.

Charitable Contributions

Petitioner indicated on his Schedule A that he made gifts to charity of $1,755, of which $1,260 was by cash or check. There were upon his own admission, however, no gifts of cash or checks made by petitioner during 2002. Petitioner did submit as evidence on this issue a copy of a receipt from the United Cancer Research Society for the donation of five items of personal property. The receipt announces that the donor is responsible for estimating the fair market value of the items donated.

Petitioner determined the "total estimated value" as $1,755 for the donated items, the amount deducted on his return.

Where a charitable contribution is made in property other than money, section 170 allows a deduction of the fair market value of the property at the time of contribution. See sec. 1.170A-1(c)(1), Income Tax Regs. Petitioner bears the burden of proving both the fact that the contribution was made and the fair market value of the contributed property. See Rule 142(a); Zmuda v. Commissioner, 79 T.C. 714, 726 (1982), affd. 731 F.2d 1417 (9th Cir. 1984).

Petitioner offered only a general description of the items that he donated. While the Court believes that petitioner actually did donate the items, he offered no evidence on how he arrived at the value of the property listed on the receipt. Petitioner, therefore, has failed to prove the value of his contribution. The Court finds, using its judgment, that the fair market value of the donated property was $300. Petitioner is entitled to a deduction in that amount. See Cohan v. Commissioner, supra; Zmuda v. Commissioner, supra; Fontanilla v. Commissioner, T.C. Memo. 1999-156.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.